John WEST, Appellee,

v.

Thomas Gerald WILKERSON, Appellant.

No. 85807.

Court of Appeals of Oklahoma,
Division No. 1.

April 19, 1996.

Edward T. Tillery, Pauls Valley, for Appellant.

Billy D. Vandever, Pauls Valley, for Appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Thomas Gerald Wilkerson seeks review of the trial court's order granting judgment to Appellee John West in West's action for conversion. Inasmuch as we find no error of the trial court in the enumerated particulars, we affirm. The matter stands submitted for accelerated review on the trial court record under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S. Supp.1993, Ch. 15, App. 2.

Purchasers of a mobile home granted a purchase money security interest to the financing bank, and the bank caused its interest to appear on the mobile home's document of title. The purchasers then entered into a contract with Wilkerson for rental space at the mobile home park owned by Wilkerson.

Approximately five years later, purchasers abandoned the mobile home, at that time apparently not only in arrears for mobile home park rent under the contract with Wilkerson, but also in default to the bank which had perfected a security interest in the mobile home. The bank foreclosed its interest (either by sale or otherwise), and West purchased the mobile home "where is/as is" on or about October 7, 1993.[1]

Within a few days, West went to Wilkerson's mobile home park to take possession of the mobile home and transport it to a new location. Wilkerson refused to relinquish possession, claiming a possessory lien thereon for unpaid rental and storage.

West then commenced the present action seeking recovery of the mobile home. West moved for summary judgment asserting superiority of his interest to Wilkerson's lien claim. Wilkerson also moved for summary judgment, arguing West had no prior lien on the mobile home after West's purchase thereof, and contending the purchase by West extinguished the prior perfected security interest in the mobile home thereby leaving Wilkerson's possessory lien intact and superior. The trial court granted summary judgment to West, denied summary judgment to Wilkerson, and Wilkerson perfected this appeal.

The legislative enactments in Title 42 create procedures by which otherwise unprotected small business persons (such as, *inter alia*, laborers, materialmen, or other artisans) may receive compensation for their efforts as against those with whom they have no privity. In that regard, 42 O.S.1991 § 180 creates a possessory lien in favor of the owner of real property upon which, pursuant to written contract, a mobile home is parked, and sets out the relative priority of claims as between the owner of the real property and a perfected security interest holder. That is, under § 180, the land owner's possessory lien stands subordinate to the holder of a perfected security interest unless or until the possessory lien holder gives notice of the possessory claim to the secured creditor as prescribed by statute. 42 O.S. § 180(B), (D). Where the land owner fails to give such notice, the land owner may not lawfully retain possession. 42 O.S. § 180(G). However, where the land owner gives proper notice of his possessory claim, his possessory lien claim becomes superior to that of the perfected security interest holder. 42 O.S. § 180(D).

In the present case, it is uncontroverted that Wilkerson did not take the necessary steps mandated by 42 O.S. § 180 to give

---

1. In this particular, we view the "where is/as is" term of sale to West as only a *delivery* term requiring West to take possession of the mobile home where ever it might be located ("where is") in whatever physical condition ("as is"), and not, as asserted by Wilkerson, a statement subjecting West's possession to whatever other unperfected lien claims which might be outstanding against the mobile home.

notice to the bank security interest holder in the mobile home, thereby failing to establish superiority of his possessory lien. Thus, and having no priority as against the holder of the security interest, Wilkerson must, therefore, look elsewhere in order to claim superiority over West as a purchaser for value without notice of any competing liens or claims.

In that regard, 42 O.S.1992 Supp. § 91 grants a person providing storage of personal property a special lien thereon, dependent on possession, for compensation due for such storage. 42 O.S. § 91(a). However, § 91(a)(C) also specifically provides that the "lienor or any other person may in good faith become a purchaser of the property sold." This statute presupposes that the holder of the possessory lien will perfect that lien by giving notice of his claim and foreclosure thereof by sale as prescribed by § 91(a)(A). We find nothing in the statutory scheme allowing the holder of a possessory lien to retain possession of the property pending payment of whatever compensation he claims for storage. In fact, 42 O.S. § 180 makes it unlawful to do so as against the holder of a perfected security interest absent notice of the possessory lien claim.

In this particular, we discern no legislative intent in 42 O.S. § 91 allowing the holder of a possessory lien created by statute to unilaterally refuse to relinquish possession of the property to a good faith purchaser for value who has no notice of any claim by the holder of a possessory lien who has failed to avail himself of the statutory protection provided for just such a purposes. In the same vein, we recognize the real property owner retains the right to pursue other avenues such as breach of contract against the original owner who failed to pay rental.

We therefore hold that because Wilkerson failed to avail himself of any of the remedies granted him by 42 O.S. § 91 and § 180 to "perfect" his possessory lien, Wilkerson's possessory lien stands subordinate to West's title, obtained without notice of Wilkerson's adverse lien claim. Accordingly, we find no error in the trial court's order granting summary judgment in favor of West—the good faith purchaser for value and without notice of any competing claim—and denying summary judgment for Wilkerson—the holder of a possessory lien created by statute but who failed to perfect said lien or give notice thereof.

The order of the trial court granting summary judgment to West and denying summary judgment to Wilkerson is therefore AFFIRMED.

JONES, P.J., concurs.

GARRETT, Judge, dissenting:

In my opinion the notice provisions of 42 O.S.1991 § 180 apply only to the lien priority disputes between a party having a possessory lien under § 180A and a creditor with a perfected security interest. I think the majority goes outside of the statute when those provisions are applied to a dispute between the possessory lien holder and some other party. I would reverse and enforce the landowner's lien. Therefore, I dissent.